# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAIWANSLEY C. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:23-CV-1172 JMB |
| | ) |
| OFFICER UNKNOWN BATES, et al, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Taiwansley Jackson for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, plaintiff will be required to amend his complaint on a court-provided form to set forth his claims more clearly.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to provide the Court a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his *certified* prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir.

2

1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

**Criminal Case in State Court**

On February 23, 2023, a criminal complaint was filed against plaintiff in St. Louis County Court charging plaintiff with assault in the first degree – serious physical injury of a special victim, armed criminal action, resisting arrest/detention/stop by fleeing – creating a substantial risk of serious injury/death to a person, and unlawful possession of a firearm. *See State v. Jackson*, No. 23SL-CR01252-01 (21st Jud. Cir., St. Louis County). Plaintiff is currently detained and awaiting trial in this matter.

**Complaint**

Plaintiff Taiwansley Jackson, an inmate at St. Louis County Justice Center, brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Officer Unknown Bates; Officer Unknown Wallace and Officer Unknown Mercurio of the Jennings Police Department. He brings this action against defendants in their individual and official capacities.

Plaintiff alleges that on February 21, 2023, around 2:15 in the afternoon, he was "struck and [run] over and drugg [sic] by motor vehicles several times. . ." near 8645 Goodfellow

Boulevard, St. Louis, Missouri. Plaintiff refers to the incident as "excessive force," however, he does not indicate who perpetuated the excessive force. Rather, he merely names all three defendants as responsible for his purported injuries.

Plaintiff states that he suffered a broken arm, five broken ribs, and a collapsed left lung because of the incident. He asserts that he also suffered abrasions on his forehead, right arm, and stomach, in addition to nerve damage. He seeks termination of the officers from their employment at the Jennings Police Department, as well as ten million dollars.

**Discussion**

Plaintiff asserts that defendant police officers at the Jennings Police Department used excessive force against him on February 21, 2023, by running him over and then dragging him behind a car. However, he fails to indicate which of the three officers committed the purported excessive force against him, and he has not articulated any specific instances of force which allegedly occurred on February 21, 2023, except for the broad claims in his complaint.

Liability under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717

4

(8th Cir. 2019). As stated, plaintiff hinges his complaint on a generalized complaint of excessive force, which cannot state a claim under 42 U.S.C. § 1983. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").[1] Because plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below.

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims

---

[1] The Court notes that plaintiff has been charged with fleeing from defendants, such that he created a substantial risk of harm and/or death, and he has also been charged with assaulting the defendant police officers during the alleged incident on that date. Depending on the factual circumstances surrounding the criminal actions relating to plaintiff's arrest, it may be difficult for him to pursue claims for excessive force while he has an ongoing state criminal case in which he is being charged for assault against a law enforcement officer relating to the same set of circumstances.

in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208 (8th Cir. 1990). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion for appointment of counsel. [ECF No. 4]. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989

(8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as plaintiff is required to amend his pleading in this matter. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to plaintiff at this time, and will deny plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within **twenty-one (21) days** of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED at this time**.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 25th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE