# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAIWANSLEY C. JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-1172 JMB |
| OFFICER UNKNOWN BATES, et al, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the filing of the second amended complaint. After reviewing the second amended complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## Criminal Case in State Court

On February 23, 2023, a criminal complaint was filed against plaintiff in St. Louis County Court charging plaintiff with assault in the first degree – serious physical injury of a special victim, armed criminal action, resisting arrest/detention/stop by fleeing – creating a substantial risk of serious injury/death to a person, and unlawful possession of a firearm. *See State v. Jackson*, No. 23SL-CR01252-01 (21st Jud. Cir., St. Louis County). Plaintiff is currently detained and awaiting trial in this matter.

## Background and the Second Amended Complaint

Plaintiff Taiwansley Jackson, an inmate at St. Louis County Justice Center, filed this action on September 19, 2023. [ECF No. 1]. Although he filed his original complaint on a Court-provided form, he included only broad claims in his original complaint. Thus, on September 25, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, granted him leave to proceed in forma pauperis and instructed him on how to amend his pleading to set forth his claims in

manner which complied with Federal Rules of Civil Procedure 8 and 10. [ECF No. 5]. Plaintiff was ordered to file his amended complaint on a Court-provided form no later than October 17, 2023.

Although plaintiff timely filed his amended complaint on a Court-provided form on October 11, 2023, ECF No. 6, when the Court reviewed the amended complaint, it found that plaintiff failed to name the individual or individuals personally responsible for the alleged excessive force on or about February 21, 2023, in his altercation with the Jennings Police Department. As a result, on February 13, 2024, the Court ordered plaintiff to submit a second amended complaint, on a Court-provided form, no later than March 6, 2024. *See* ECF No. 11.

Plaintiff timely filed his second amended complaint, brought pursuant to 42 U.S.C. § 1983, on a Court-provided form on by placing it in the prison mailing system at the St. Louis County Justice Center on February 22, 2024. [ECF No. 12]. He names as defendants in his second amended complaint the following: Officer Unknown Bradley; Officer Unknown Keener; Officer Timothy Lally; and Officer Unknown Douglas. Defendants appear to be employed by the Jennings Police Department. Plaintiff brings this action against defendants in their individual capacities only.

In his "Statement of Claim" plaintiff claims that on or about February 21, 2023, at approximately 2:15 in the afternoon, he noticed he was being followed by a GMC model vehicle. He asserts that he "feared for his safety." In the process of turning his vehicle, he "struck a light pole." Although plaintiff does not explain what occurred immediately after the vehicle accident, he says, he "hopped out of [his] vehicle" and was "struck by a minivan" occupied by Officers Douglas and Lally. Plaintiff alleges that when he was "on the ground," he was "run over and dr[a]gged by what was later identified as an unmarked vehicle occupied by [Officers] Bradley and Keener."

3

Plaintiff states that he suffered a broken arm, broken ribs, and a collapsed left lung because of the incident. He asserts that he also suffered abrasions on his forehead and stomach, in addition to nerve damage. He seeks termination of the officers from their employment at the Jennings Police Department, as well as ten million dollars.

## Discussion

Plaintiff was told in two prior Court Orders – one issued on September 25, 2023, and one issued on February 13, 2024 - that to show liability under 42 U.S.C. § 1983, a plaintiff must create a causal connection between the claims in the complaint and the damages suffered.[1] In other words, a defendant is only responsible for their own acts under § 1983. Thus, it is not enough for plaintiff to say that the four defendants in this action "occupied" the cars that hit him and committed excessive force against him. Rather, plaintiff is only allowed to pursue excessive force claims **against the two drivers of those vehicles**, as plaintiff was previously told previously by this Court. Despite having been told the state of the law under the Fourteenth Amendment, plaintiff failed to articulate in this second amended complaint which of the four defendants were driving the two cars that hit him. As a result, plaintiff's claims for excessive force are subject to dismissal.

Because plaintiff has been allowed to amend his complaint twice before to no avail, the Court will decline to allow plaintiff to amend a third time. Rather, this action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Liability under 42 U.S.C. § 1983 "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms").

4

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of March, 2024.

                                             HENRY EDWARD AUTREY
                                         UNITED STATES DISTRICT JUDGE